UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ZACH DAVIS,

  Plaintiff,                                 **DEMAND FOR JURY TRIAL**

vs.

EXPERIAN INFORMATION SOLUTIONS, INC.,
And COMMUNITY FIRST CREDIT UNION OF FLORIDA,

  Defendants.
_____/

**COMPLAINT**

COMES NOW Plaintiff, Zach Davis, (hereinafter "Plaintiff"), by and through undersigned counsel, and files this Complaint against Defendants, Experian Information Solutions, INC., (hereinafter Experian) and Community First Credit Union of Florida (hereinafter CFCU) and alleges:

**I. PARTIES**

1. Plaintiff is a natural person, a resident of Duval County, Florida, and a "consumer" as defined by 15 U.S.C. § 1681a (c) of the FCRA.

2. Defendant Experian is an Ohio company with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626 and is subject to the jurisdiction of this Court.

3. At all times material Defendant Experian is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information

1

| | |
|---|---|
| | concerning consumers for the purpose of furnishing consumer reports. Experian disburses such consumer reports to third parties under contract for monetary compensation. |
| 4. | At all times material Defendant Experian is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Experian disburses such consumer reports to third parties under contract for monetary compensation. |
| 5. | Defendant CFCU is a credit union based in Jacksonville, FL and is subject to the jurisdiction of this Court. |
| 6. | Defendant CFCU is an entity who furnishes information to consumer reporting agencies as provided in the FCRA, 15 U.S.C. § 1681s-2. |

## II. JURISDICTION AND VENUE

| | |
|---|---|
| 7. | Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to the FCRA, 15 U.S.C. § 1681 *et seq*. |
| 8. | Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and the Defendants transact business here pursuant to the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1391. |

## III. FACTUAL ALLEGATIONS

| | |
|---|---|
| 9. | Prior to December 2019, Plaintiff had a vehicle financed with CFCU. |
| 10. | On December 19, 2019, Plaintiff's vehicle was repossessed by CFCU. |

2

11. On March 16, 2021, a settlement was agreed to between Plaintiff and CFCU.

12. On March 19, 2021, Plaintiff made the required settlement payment, fulfilling his obligations under the settlement.

13. On April 15, 2021, Plaintiff's CFCU account is still showing as "delinquent" on his Experian credit report, so he disputed it with Experian (Report Number: 0945-6200-58). The account should have had that status as "Account Paid in Full, Was a Charge-Off" (Account Code 64).

14. Experian failed to update this information and Plaintiff disputed the account status again on May 12, 2022 (Report Number: 2743-9690-83).

15. On December 21, 2022, Experian still had not updated the account status properly. Plaintiff sent another dispute to Experian (Confirmation Number: 2355586156).

16. On November 3, 2023, Plaintiff was made aware that the CFCU Account was still reporting inaccurately as "Charge-Off."

17. In response, on the same day, Plaintiff called CFCU's legal department and spoke with a Mr. John Baker who verified that the credit reporting was inaccurate with Experian.

18. Following up, on or about January 30, 2024, Plaintiff sent a written dispute letter about his CFCU Account status to Experian.

19. Upon information and belief, Experian received this dispute letter and contacted CFCU.

20. Alternatively, Experian received this dispute letter and failed to contact CFCU.

21. As a result of Experian's investigation of the January 2024 dispute letter, Experian failed to update the inaccurate information and instead verified inaccurate information.

22. Upon information and belief, CFCU received this January 2024 dispute and failed to engage in a reasonable reinvestigation of the account information, even though its representative had agreed with Plaintiff on the phone.

23. As a result of CFCU's reinvestigation, it failed to update the inaccurate information and instead verified inaccurate information to the credit bureaus.

24. On April 29, 2024, Plaintiff sent yet another written dispute letter to Experian, resulting in the same faulty reinvestigation by Experian and CFCU.

25. Despite multiple disputes over years, Experian and CFCU have failed to update the account's status.

26. As a result of Defendants' inaccurate credit reporting on Plaintiff's credit reports, Plaintiff's credit score was reduced.

27. As a result of the inaccurate reporting on Plaintiff's Credit Reports, Plaintiff was repeatedly evaluated for credit on existing credit lines using consumer reports that inaccurately reported the above-outlined information.

28. When Plaintiff disputed the error, Experian was required to perform an investigation; however, the Defendant did not properly investigate the dispute on their own or through their collective communications and continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA.

29. When Plaintiff disputed the error, CFCU was required to perform an investigation; however, the Defendant did not properly investigate the dispute on their own or through their collective communications and continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA.

30. Plaintiff has retained undersigned counsel for purpose of pursuing this matter against Defendant and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

31. All necessary conditions precedent to the filing of this action occurred or Defendant has waived.

## IV. CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FCRA
### 15 U.S.C. § 1681e(b)
### (EXPERIAN)

32. Plaintiff incorporates paragraph 1 – 31 above as fully stated herein.

33. Defendant Experian willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports.

34. Defendant Experian willfully and/or negligently ignored the information provided to it by Plaintiff and by the results of the other credit report investigations.

35. Defendant Experian willfully and/or negligently refused to properly reinvestigate Plaintiff's consumer report and as a result, prepared a consumer report with known inaccurate information.

36. Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681e (b).

37. Defendant Experian's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA and entitles Plaintiff to actual damages, statutory damages, and attorney's fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

38. Defendant Experian's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff as stated herein, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory and actual damages, along with attorney's fees and costs, as well as such other relief as permitted by law.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant Experian:

      a)      For actual damages;

      b)      For compensatory damages;

      c)      For statutory damages;

      d)      For attorney's fees and costs incurred in this action;

      e)      For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and;

      f)      For such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681i
## (EXPERIAN)

39. Plaintiff incorporates paragraph 1 – 31 above as fully stated herein.

40. Defendant Experian willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports.

41. Defendant Experian willfully and/or negligently ignored the information provided to it by Plaintiff and by the results of the other credit report investigations.

42. Defendant Experian willfully and/or negligently refused to properly reinvestigate Plaintiff's consumer report and the errors stated.

7

43. Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681i(a)1.

44. Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681i (a)(4).

45. Defendant Experian negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by Plaintiff in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681 (a)(4).

46. Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681i (a)(5).

47. In response to the request for reinvestigation, Defendant Experian improperly verified the bankruptcy information as correct, and refused to remove the inaccurate information, in violation of the requirements of the FCRA, 15 U.S.C. § 1681i (a)(5).

48. Defendant Experian has negligently and/or willfully failed to conduct a proper reinvestigation of the disputed information in violation of the FCRA, 15 U.S.C. §§ 1681i.

49. As noted above, Experian failed to conduct a proper investigation by wholly ignoring the plain language of Plaintiff's disputes.

50. Defendant Experian's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA and entitles Plaintiff to actual

damages, statutory damages, and attorney's fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

51. Defendant Experian's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff as stated herein, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory and actual damages, along with attorney's fees and costs, as well as such other relief as permitted by law.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant Experian:

a) For actual damages;

b) For compensatory damages;

c) For statutory damages;

d) For attorney's fees and costs incurred in this action;

e) For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and;

f) For such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681 *et seq.*
## (CFCU)

37. Plaintiff incorporates Paragraph 1-31 above as if fully stated herein.

38. Defendant has willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA, 15 U.S.C. § 1681s-2(b).

39. Specifically, CFCU violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of disputed information, by failing to review all relevant information provided by the consumer reporting agency, by failing to review Plaintiff's prior dispute letters and its own entire file as part of such investigation, by failing to accurately communicate the results of its investigation to the consumer reporting agencies, by verifying inaccurate or incomplete information to a consumer reporting agency as part of a reinvestigation of such information disputed by Plaintiff and/or by verifying and continuing to report inaccurate information after notice and confirmation of those errors.

40. Further, CFCU violated 15 U.S.C. § 1681s-2(b) by failing to promptly modify, delete or permanently block information disputed by Plaintiff which it knew or reasonably should have known was inaccurate, obsolete and/or incomplete.

41. Following the reinvestigation and dispatch of direct notice to CFCU, who failed to notify the consumer reporting agencies to whom it reported credit information that the debts were disputed, in violation of the FCRA, 15 U.S.C. §§ 1681s-2(b) the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(3).

42. CFCU's reinvestigation was not conducted in good faith.

43. CFCU's reinvestigation was not conducted reasonably.

44. CFCU's reinvestigation was not conducted using all information reasonably available to the Defendant.

45. CFCU's reinvestigation was *per se* deficient by reason of these failures in its reinvestigation of the trade line on Plaintiff's consumer report in light of information it already had and multiple disputes with the credit bureaus.

46. CFCU's actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted willful and/or negligent noncompliance with the FCRA, and entitles Plaintiff to actual damages enumerated in 15 U.S.C. § 1681o and/or 15 U.S.C. § 1681n.

47. Defendant has violated 15 U.S.C. § 1681s-2(a)(1)(A) ("A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate").

48. Defendant CFCU had actual knowledge of claims made by Plaintiff and had even spoken with Plaintiff, and confirmed there was an error in his credit reporting.

49. Defendant CFCU had **received multiple disputes from Experian** to find that this credit information was inaccurate. In light of internal records related to the account, Defendant CFCU **still reported the account as accurate.**

50. Despite having all the information available to it as the furnisher of information, the Defendant **still continued to report inaccurate and harmful information** in violation of 15 U.S.C. § 1681s-2(a)(1)(A) and CFCU is **still reporting this information.**

51. As a result of CFCU's conduct, actions, and inactions, Plaintiff has suffered emotional distress, humiliation, mental anguish and damages to his creditworthiness.

52. CFCU's actions and inactions are willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, these actions were grossly negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

53. Plaintiff is entitled to recover costs and attorney fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

54. CFCU's actions demonstrate an honest disregard for consumers and consumer law.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant CFCU:

a) For actual damages;

b) For compensatory damages;

c) For statutory damages;

d) For punitive damages;

e) For attorney's fees and costs incurred in this action;

f) For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

g) For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

### Designation of Lead Counsel Pursuant to Local Rule 2.02(a)

Pursuant to Local Rule 2.02(a) of the Middle District of Florida, the undersigned **Max Story, Esquire** is designated as lead counsel in this case.

Respectfully submitted this 26th day of July, 2024.

/s/ Austin Griffin, Esq.
MAX STORY, ESQ.
Florida Bar: 0527238

>AUSTIN J. GRIFFIN, ESQ.
>Florida Bar: 0117740
>328 2nd Avenue North, Suite 100
>Jacksonville Beach, FL  32250
>Phone: (904)372-4109
>Fax:  (904) 758-5333
>max@storylawgroup.com
>austin@storylawgroup.com
>lynette@storylawgroup.com
>Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record, this 26th day of July, 2024.

>/s/ Austin Griffin, Esquire
>Florida Bar: 117740